# United States Court of Appeals for the Federal Circuit

2006-7303


MARCELLUS S. HARTMAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.


Susan Paczak, Abes Baumann, P.C., of Pittsburgh, Pennsylvania, argued for claimant-appellant.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for the respondent-appellee. With him on the brief were, Peter D. Keisler, Assistant Attorney General, and David M. Cohen, Director. Of counsel on the brief were David J. Barrans, Assistant General Counsel, and Martie Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2006-7303

MARCELLUS S. HARTMAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  April 5, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

FRIEDMAN, <u>Senior Circuit Judge</u>.

Section 5103(a) of Title 38 of the United States Code requires the Secretary of Veterans Affairs "[u]pon receipt of a complete or substantially complete application" for benefits to "notify the claimant of any information and any medical or lay evidence . . . necessary to substantiate the claim."  The principal question in this appeal is whether this notice requirement applies when a veteran files an appeal to the Board of Veterans Appeals ("Board") from an initial decision of the Department of Veterans Affairs ("Department") regional office denying the veteran an earlier date for the commencement of disability benefits.  The Court of Appeals for Veterans Claims ("Veterans Court") held that the Secretary's notice obligation does not extend to that situation.  We affirm.

I

The appellant, Marcellus S. Hartman, served in the Army from 1969 to 1972, including a year in Vietnam. In 1986 he wrote to the Department's regional office that because of his post-traumatic stress disorder ("PTSD"), his time for utilizing his veteran's educational benefits should be extended.

The regional office, viewing Hartman's letters as an informal claim for service connection for PTSD, asked Hartman to describe the in-service events that led to his PTSD and to submit medical reports from doctors who had treated him following his discharge. It also listed an appointment made for him for a medical examination at a Department facility. After Hartman notified the office that he would not keep the scheduled appointment, the office told him that if he failed to attend the examination or to provide the requested information, his claim might be rejected. Hartman did not attend the scheduled examination, and in December 1986, the office notified him that for that reason, no action would be taken on his claim.

In April 1999, more than 12 years later, Hartman submitted a benefits claim based on PTSD. In July 1999, Hartman was awarded service connection for PTSD with a 70 percent disability rating effective April 15, 1999. Then, in February 2000, Hartman was awarded a 100 percent disability rating based upon individual unemployability, also effective April 15, 1999.

In February 2001, Hartman filed a notice of disagreement, which is the procedure for appealing a regional office decision to the Board. He asserted that the effective date for his benefits should be the date of his discharge. That action led to a series of decisions by the Board, the Veterans Court, and this court. The culmination of those

decisions was the Veterans Court's opinion in <u>Dingess v. Nicholson</u>, 19 Vet. App. 473 (2006), in which the court decided two separate veterans' appeals in a single opinion.

The court affirmed the Board's denial of Hartman's claim for an effective date earlier than April 15, 1999. <u>Id.</u> at 501. The court held that the Board had not committed prejudicial error in ruling that the Department was not required to provide Hartman with notice under 38 U.S.C. § 5103(a) when he filed his notice of disagreement challenging the regional office's refusal to provide an earlier effective date for his benefits. <u>Id.</u> at 500. The court explained that

> Within the VA adjudicatory scheme, section 5103(a) is focused on notice that is required to be provided to a claimant upon receipt of a complete or substantially complete application for benefits and prior to an initial adjudication . . . the statutory scheme contemplates that once a decision awarding service connection, a disability rating, and an effective date has been made, section 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated.

<u>Id.</u> at 490 (citation ommitted).

## II

Hartman's principal contention is that when he filed his notice of disagreement with the regional office's denial of an earlier date for commencement of his benefits, § 5103(a) required the Secretary to give him the notice specified by that provision. That section states:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim.

Under this provision the Secretary's duty to give notice to the claimant is triggered by the Secretary's "receipt of a complete or substantially complete

application." As this court has noted, "[t]he purpose of [§ 5103] and the corresponding regulation [(38 C.F.R. § 3.159(b)(2))] is to require that the VA provide affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it." Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed. Cir. 2006) (citations omitted). The legislative history of § 5103 also supports this conclusion. See, e.g., S. Rep. No. 106-397, at 22 (2000) ("The Committee bill, in summary, modifies the pertinent statutes to reinstate VA's traditional practice of assisting veterans at the beginning of the claim process.") (from the Committee of Veterans' Affairs report on what would become the Veterans Claim Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096).

The filing of a notice of disagreement takes place after, not prior to, the regional office's initial decision. The regional office could reject the request for an earlier benefits date only after it had received a "complete or substantially complete [benefits] application." The notice of disagreement is not a part of that application, but is the claimant's notification to the Department that he is challenging the regional office's decision on that application by appealing it to the Board of Veterans Appeals.

Hartman relies on a Department regulation, 38 C.F.R. § 3.1(p), which states that a

> Claim—Application means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit.

Hartman argues that under this provision an "application" constitutes a claim, and that since his notice of disagreement requested "a determination of entitlement . . . to a

2006-7303                                    4

benefit," i.e., an earlier commencement date for his payments, it constituted a "claim" for benefits that triggered the Secretary's notification obligation under § 5103(a).

This regulation, however, merely defines what constitutes an "application" for a claim, and does not make the terms identical.  It makes clear that there are no specific requirements that a claim—application must satisfy, and that any "formal or informal" written "communication . . . requesting" benefits is sufficient.  It cannot properly be read as converting a notice of disagreement into an application for benefits for the purpose of § 5103(a).

                                    III

Alternatively, Hartman relies on a Department regulation, 38 C.F.R. § 3.155(a), which states that "upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution."  He argues that because the Department did not send him a formal claim application after it treated his 1986 letters as an informal claim for PTSD benefits, that claim remained outstanding and has not been adjudicated, and he therefore is entitled to an earlier effective date for PTSD benefits.

Hartman primarily contends that the Veterans Court failed to consider this argument because it did not explicitly address it.  "That the court did not specifically mention the [argument] in its opinion forms no basis for an assumption that it did not consider [it] . . . .  That a court 'do[es] not discuss certain propositions do[es] not make the decision inadequate or suggest the . . . court failed to understand them.'" Perkin-Elmer Corp. v. Computervision Corp., 73 F.2d 888, 901 (Fed. Cir. 1984) (quoting Schilling v. Schwitzer-Cummins Co., 142 F.2d 82, 84 (D.C. Cir. 1944)).  The court may

have merely concluded, for various reasons, that discussion of the issue was neither necessary nor appropriate.

A "'litigant's right to have all issues fully considered and ruled on by the appellate court does not equate to a right to a full written opinion on every issue raised.'" Bernklau v. Principi, 291 F.3d 795, 801 (Fed. Cir. 2002) (quoting United States v. Garza, 165 F.3d 312, 314 (5th Cir. 1999)). Here, the Veterans Court stated that "Mr. Hartman has not demonstrated that the Board committed prejudicial error in its findings of fact, conclusions of law, compliance with procedural requirements, articulation of reasons or bases, or application of the equipoise standard that would warrant reversal or remand." Dingess, 19 Vet. App. at 501. "While it may be desirable in some cases to afford each issue a complete written discussion, no statute or rule compels such an approach by the Court of Appeals for Veterans Claims (or indeed any other court)." Bernklau, 291 F.3d at 801 (citation ommitted). Hartman's contention that the Veterans Court did not properly consider his argument fails.

Hartman's argument fares no better on its merits. Section 3.155(a) appears to be merely a housekeeping provision, designed to guide Departmental personnel in their processing of benefit claims. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 310 (1979) (describing a housekeeping statute as one which authorizes an agency to develop "'rules of agency organization, procedure or practice'"). It cannot properly be viewed as creating any substantive right for claimants to receive a formal claim application. See, e.g., Schism v. United States, 316 F.3d 1259, 1281 (Fed. Cir. 2002) ("But a housekeeping statute that authorizes rules of agency organization, procedure or

practice and not substantive rules cannot confer a right to, or otherwise authorize the promise of a right or entitlement to, free lifetime medical care.").

Moreover, Hartman makes no claim or attempt to show that he was prejudiced by the Department's failure to supply him with a formal claim application in 1986. He does not contend, for example, that if he had received a formal application, he would have submitted additional information supporting his claim. Indeed, it is difficult to see how he could have claimed prejudice, since his 1986 informal benefits claim was rejected not on its merits but because he failed to keep an appointment for a Department medical examination.

## CONCLUSION

The portion of the judgment of the Veterans Court that affirmed the Board's denial of Hartman's request for an earlier effective date for post-traumatic stress disorder benefits is

## AFFIRMED.