ON MOTION
PER CURIAM.

ORDER

Mark R. Lippman moves for leave to withdraw as counsel for Alfonzo Sanford. The court considers whether it should summarily affirm the Court of Appeals for Veterans Claims’ judgment in Sanford v. Nicholson, 03-1986.
The briefing schedule in this appeal was stayed pending a case with a related issue. In this case, the Court of Appeals for Veterans Claims held that the Board of Veterans’ Appeals accounted for the relevant medical evidence and provided a sufficient statement of reasons and bases to support its conclusion that Sanford was not entitled to an earlier effective date. The court also rejected Sanford’s argument that he had been provided insufficient notice for his claim seeking an earlier effective date. Specifically, the court held that a notice of disagreement concerning an earlier effective date did not trigger the duty to provide notice pursuant to 38 U.S.C. § 5103.
Concerning the first issue, we do not have jurisdiction to review factual issues or the application of the law to the facts. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Concerning the second issue, we recently addressed the notice issue in Hartman v. Nicholson, 483 F.3d 1311 (Fed.Cir.2007). We held that a claimant’s notice of disagreement concerning an earlier effective date does not trigger the Secretary’s duty to provide notice pursuant to 38 U.S.C. § 5103. Hartman, 483 F.3d at 1314-15. Because the only issue over which we *55 would have jurisdiction is clearly resolved by our recent decision in Hartman, summary affirmance of the Court of Appeals for Veterans Claims’ judgment is appropriate. Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994) (summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists”).
Accordingly,
IT IS ORDERED THAT:
(1) The motion to withdraw as counsel is granted.
(2) The judgment of the Court of Appeals for Veterans Claims is summarily affirmed.
(3) Each side shall bear its own costs.