NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3314

GREGORY A. LYONS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Gregory A. Lyons, of Torrance, California, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent. With him on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3314

GREGORY A. LYONS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752070192-I-1.

_____

DECIDED: April 7, 2008

_____


Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>. and SCHALL, <u>Circuit Judge.</u>

PER CURIAM.

The appellant, Gregory A. Lyons ("Lyons"), challenges the Merit Systems Protection Board ("Board")'s affirmance of his removal by the Department of Veterans Affairs ("Department"). We affirm.

I

The Department removed Lyons, who was a part-time dishwasher and kitchen helper, for various acts of misconduct. The charges the Department sustained included that Lyons (1) wrote to his fellow employee and union president threatening her with arrest, (2) falsely wrote the employer of a lawyer who formerly worked at the

Department that the lawyer was under investigation for criminal misconduct and (3) misused transit benefits that the Department had provided for its employees. In selecting removal as the appropriate penalty for the misconduct, the Department concluded that Lyons' nearly five years of service, lack of prior discipline, and otherwise satisfactory performance were outweighed by the serious nature of Lyons' offenses, his lack of remorse and his "poor potential for rehabilitation."

Prior to the acts for which Lyons was removed, the Department had suspended him for fifteen days for other misconduct, but it cancelled the suspension after he had appealed it to the Board.

The Board upheld the removal. In his twenty-six page initial decision, which became the Board's final decision when the Board denied review, the Board's administrative judge discussed at length Lyons' numerous contentions and rejected most of them. The Board held that Lyons improperly had written to a fellow employee and union president that unless she rescinded the prior order barring him from access to the union office, "she would be arrested and face criminal prosecution," and although he "was not authorized to initiate criminal proceedings," his letter "implied that he could." The Board also found that Lyons had stated falsely in an email to the employer of a former Department lawyer that the lawyer was "under investigation for Criminal Misconduct in" the Board case in which Lyons challenged his prior fifteen-day suspension. Finally, the Board sustained the Department's charge that Lyons had misused the Department's transit benefit program by using those benefits for transportation on days he did not work.

The Board rejected Lyons' claims that the Department removed him in retaliation for (1) whistleblowing, (2) filing a complaint with the Equal Employment Opportunity Commission and (3) appealing his fifteen-day suspension to the Board. It also rejected his claim that harmful procedural error occurred in the removal proceedings. Finally, the Board "conclude[d] that removal does not exceed the maximum reasonable penalty based on the sustained allegations."

II

Lyons asserts a broadside of alleged factual and legal errors by the Board in upholding his removal. Our authority to review Board decisions is limited. See Kimm v. Dep't of the Treasury, 61 F.3d 888, 891 (Fed. Cir. 1995). We have considered all of Lyons' contentions, but find them unpersuasive. We need discuss only four of them, and those only briefly.

Lyons contends that the Board violated 5 U.S.C. § 2302(9)(A), which prohibits an agency from taking adverse personnel action because of an employee's appeal of an agency decision. That was the issue that Lyons litigated before the Board in his contention that the Department's adverse action against him constituted retaliation for, among other things, his appealing his prior suspension to the Board. The Board rejected that claim and substantial evidence supports that ruling.

Lyons also argues that the Board failed to consider the declaration of his attorney, Mr. Smyth. The Board's failure to discuss particular contentions or evidence does not mean that it did not consider them in reaching its decision. See Lowder v. Dep't of Homeland Sec., 504 F.3d 1378, 1383 (Fed. Cir. 2007); Hartman v. Nicholson, 483 F.3d 1311, 1315 (Fed. Cir. 2007); Charles G. Williams Const., Inc. v. White, 326

F.3d 1376, 1380 (Fed. Cir. 2003); Carolina Tobacco Co. v. Bureau of Customs & Border Prot., 402 F.3d 1345, 1350 (Fed. Cir. 2005). "All that it means is that the author of the opinion, for whatever reasons, did not deem it necessary or appropriate specifically to discuss those points." Lowder, 504 F.3d at 1383. Although the Board did not discuss Mr. Smyth's declaration, there is no reason to think that it did not consider all of the evidence before it, including the Smyth declaration. Furthermore, Lyons does not explain how this declaration would have altered the Board's decision.

Lyons contends that the record before the Board was incomplete because the Department failed to submit to the Board his answers to the Department's administrative charges against him. He asserts that such failure violated 5 C.F.R. §1205.25, which requires the Department's response to the Board to contain "[a]ll documents contained in the agency record of action." The administrative judge, however, had issued an order that the Department "shall not file documents that do not pertain to this appeal, even if they were received from the appellant in reply to the proposed removal." In light of this order and Lyons' opportunity to present additional information to the Board, which he twice did, the Department cannot be faulted for failure to provide the complete administrative record to the Board.

To the extent that Lyons asserts a violation of the Whistleblower Protection Act ("Act"), Pub.L. No. 101-12, 103 Stat. 16 (1989) (codified in sections of 5 U.S.C.), based on the filing of his EEO claim and his appeal of his suspension, the Act requires him to show that he made a disclosure of protected subject matter. See 5 U.S.C. § 2302(b)(8)(A). As the Board correctly found, he did not do so, and, therefore, did not present a valid claim under the Act. The Board properly rejected that defense as well.

CONCLUSION

The Board's decision is

AFFIRMED.