Citation Nr: 1452674 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 08-29 631 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

1. Entitlement to an effective date earlier than April 22, 2002 for the grant of service connection for squamous cell skin cancers due to radiation exposure, to include on an accrued basis.
 
2. Entitlement to an effective date earlier than April 22, 2002 for the grant of service connection for bone cancer, to include on an accrued basis.
 
 
ATTORNEY FOR THE BOARD
 
Siobhan Brogdon, Counsel
 
 

INTRODUCTION
 
The Veteran served on active duty from September 1943 to May 1946, to include combat service against the enemy on Iwo Jima. He died in July 2012. The appellant is the Veteran's daughter.
 
This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans' Appeals (Board) from rating decisions of the Huntington, West Virginia Regional Office (RO) that granted entitlement to service connection for squamous cell skin cancer due to radiation exposure with secondary bone cancer, effective from April 22, 2002. 
 
In October 2009, the Board denied entitlement to an earlier effective date for bone cancer. A reconsideration motion was denied in May 2010. The Veteran then appealed to the United States Court of Appeals for Veterans Claims (Court) but passed away while his case was pending before the Court. His daughter's motion to substitute as the claimant was granted by the Court in January 2013. 
 
In September 2013, the Court vacated the Board's October 2009 decision and remanded the matter for further development and readjudication. The case was remanded by Board decision in March 2014.
 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).
 
 
FINDINGS OF FACT
 
1. Claims of entitlement to service connection for facial cancer, cancer of the jawbone and removal of an ear due to cancer were received in February 17, 1998.
 
2. The Board denied service connection for squamous cell skin cancer in February 2001 and the appellant did not appeal; this determination is final. 
 
3. An informal claim of entitlement to service connection for skin cancer was received on April 22, 2002; there is no un-adjudicated claim, informal claim or intent to reopen the claim of entitlement to service connection for skin cancer prior to April 22, 2002.
 
4. The earliest date on which VA may construe the Veteran's claim of entitlement to service connection for skin cancer is April 22, 2002.
 
5. The issue of entitlement to service connection for bone cancer has been pending since February 17, 1998.
 
6. The Board granted service connection for bone cancer by decision in October 2007; the earliest date of entitlement to service connection for bone cancer is the date of claim received on February 17, 1998. 
 
7. The most competent evidence of record is that the Veteran has never had bone cancer. 

8. The Board is bound by the finality of the Board's October 2007 decision granting entitlement to service connection for bone cancer. 
 

CONCLUSIONS OF LAW
 
1. The criteria for an effective date earlier than April 22, 2002 for the grant of service connection of squamous cell skin cancers due to radiation exposure, to include on an accrued basis, are not been met. 38 U.S.C.A. § 5110 (West 2002 & Supp. 2013);38 C.F.R. § 3.156. 3.400 (2014).
 
2. The criteria for an effective date of February 17, 1998 for the grant of service connection of bone cancer, to include on an accrued basis, are met. 38 U.S.C.A. § 5110 (West 2002 & Supp. 2013);38 C.F.R. § 3.156. 3.400 (2014)
 
 
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
 
Veterans Claims Assistance Act of 2000 (VCAA)

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). As service connection, an initial rating, and an initial effective date have been assigned in this case, the notice requirements of 38 U.S.C.A. § 5103(a) have been met. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007).
 
VA has also fulfilled its duty to assist the appellant to substantiate the claims as warranted by law. There is no evidence that additional development is in order before these claims may be addressed. For the reasons discussed below, the Board finds that the evidence of record is adequate to adjudicate the claims on the merits. 
 
Factual Background
 
On February 17, 1998, a claim was received from the Veteran requesting, inter alia, service connection for facial cancer, cancer of the jaw bone, removal of ear due to cancer.
 
Received in support of the claim was a July 1996 clinical record from United Hospital Center showing a diagnosis of recurrent carcinoma of the skin. History was provided to the effect that the Veteran had had several skin cancers removed from both temporal areas of the face, the most recent one approximately one year ago. It was reported that in particular, he had had well differentiated squamous cell carcinoma with clear margins removed in April 1995 and had recently undergone a right superficial parotidectomy in May 1996 that revealed a solitary lymph node in the body of the superficial parotid gland consistent with well differentiated squamous cell carcinoma. The provider noted that as there were no palpable cervical nodes, no neck dissection was performed. The appellant was reported to have healed well and was referred for radiation therapy to the ipsilateral side of the neck to prevent recurrence. He was also prepared for partial extraction of his teeth. The physician stated that other than that mentioned, the Veteran's medical history was unremarkable for any serious co-morbid medical illnesses, and that prior operations mentioned were skin surgeries.
 
In October 1996, it was reported that the Veteran had completed post-operative radiation therapy for recurrent skin cancer and had the usual expected erythema on the right side of his face. It was noted that he had been treated from 1994 through October 1996 for recurrent skin carcinoma. 
 
VA outpatient notes dated between 1997 and 1998 reflect that Veteran underwent surgery, continuing treatment and follow-up for a history of squamous cell skin cancer at the parotid gland and right ear, and over the temporal bone. This treatment included an aurilectomy and temporal bone resection. 
 
Received in March 1998 was a statement from the Veteran noting that between 1992 and 1998, he had had five cancers removed and had spent over 20 hours in surgery resulting in loss of the right ear and most of the sight in his right eye.
 
In an August 1999 rating decision VA denied entitlement to service connection for squamous cell skin cancer. The Veteran appealed. He submitted a statement in September 1999 to the effect that VA was wrong in their decision because he had no history of cancer in his family. He stated that in 1996 he had a cancer removed at the curve of his right jawbone near the ear followed by 30 radiation treatments. The Veteran related that another cancer came back resulting in removal of tissue from the right chest, shoulder, neck, face and a section of the skull.
 
In February 2001, the Board denied entitlement to service connection for squamous cell skin cancers. The appellant did not appeal. 
 
The Veteran was afforded a VA examination in March 2001. The examiner noted that he had had approximately five cancers removed around the right side of his neck. The examiner stated that it appeared that the appellant had had radical neck surgery as well as a thirteen-hour skin graft to the right side. It was reported that there was residual deformity around the right ear where the whole pinna was gone, and that he had a hole into the canal and loss of tissue and bone beneath this area. It was noted that more surgery was to follow. Following examination, the impressions were paralysis of the fifth cranial nerve on the right side and obvious deformity from previous surgeries.
 
On VA ear, nose and throat examination in April 2001, the examiner reported history to the effect that the Veteran had undergone a temporal bone resection following failed radiation therapy for parotid and skin malignancy in 1997 with facial paralysis, hearing loss and dizziness since that time.
 
A claim was received on April 22, 2002. The Veteran reported that he had had skin cancer on the right side of his head removed, an excision of the right ear, as well as parts of his jawbone and skull removed due to "bone cancer." He stated that he was filing a claim for bone cancer secondary to radiation exposure in Nagasaki, Japan. In December 2002, the Veteran emphasized that his claim had been filed for bone cancer and that bone cancer was due to radiation risk activities as a Marine in Nagasaki. 
 
In a February 2003 rating decision VA declined to reopen the claim of entitlement to service connection for "squamous cell skin cancers due to radiation exposure with secondary bone cancer" and the Veteran appealed.
 
In September 2003, the Veteran's treating physician in the Pittsburgh VA dermatology service wrote that he had seen the appellant several times over the past years and found that he had had multiple episodes of different skin cancers including actinic keratosis, basal cell carcinoma and squamous cell carcinoma. It was reported that the Veteran had had multiple treatment modalities in this regard including liquid nitrogen cryotherapy, excision and skin grafting for his skin cancers, one wide excision followed by bone grafting for the undifferentiated carcinoma involving his right face, right ear right temple, and right upper mandible skin. The examiner opined that skin cancers could be the result of chronic ultraviolet X-Ray exposure and heredity, and that it was reasonable to speculate such factors might have contributed to his multiple skin cancer situation. 
 
In March 2004, the Veteran was afforded a VA examination. The history reported was to the effect that the Veteran had been diagnosed with cancer of the parotid gland in 1996 with partial removal followed by 30 radiation treatments that he had completed in October 1996. By November 1996, the Veteran had developed skin lesions anterior and posterior to the right ear for which he had undergone a 13-hour long surgery for removal at the Pittsburgh VA Medical Center in February 1997. The examiner also related that the appellant had had excisions of his right ear and in the right temporal and right anterior chest regions secondary to squamous cell carcinoma.
 
In VA outpatient notes dated between 2004 and 2005, the Veteran was shown to have received regular skin follow-up with history of skin cancer and surgeries as depicted above. In February 2005, a VA physician wrote that he "was known to our clinic for previous malignancy of the right temporal bone [for which he had undergone] a temporal bone resection followed by an attempt for aural rehabilitation..."
 
In October 2007, the Board granted entitlement to service connection for squamous cell skin cancers due to radiation exposure with secondary bone cancer. An RO rating decision in March 2008 granted service connection for bone cancer, evaluated as 100 percent disabling, effective April 22 2002. The Veteran appealed the effective date of the grant asserting that it should have gone back to when he underwent surgery in February 1997. 
 
In April 2008, the Veteran was afforded a VA examination and was noted to have an extensive history that included cancer of the parotid gland in 1996 and squamous cell skin lesions of the right ear. It was reported that he underwent radical excision of the right ear, right temporal region and right anterior chest wall. Following examination, the diagnoses were history of right parotid cancer, and history of squamous cell skin cancer, etc.
 
In an October 2009 decision, the Board observed that in the Veteran's original claim in February 1998, he specifically included a claim of entitlement to service connection for cancer of the jaw bone. That issue was adjudicated for the first time in a March 2008 rating decision. Hence, the Board determined that prior to March 2008, the claim of entitlement to service connection for bone cancer had been pending since February 1998. The Board ultimately determined, however, that this did not assist the Veteran in obtaining an earlier effective date for the award of service connection for bone cancer because there was no competent evidence of bone cancer in service or within one year following his discharge from active duty. See 38 USCA § 1110 (West 2002). Entitlement to an effective date earlier than April 22, 2002 was denied. The Veteran appealed to the United States Court of Appeals for Veterans Claims (Court) leading to procedural history as outlined in the INTRODUCTION portion of this decision. 
 
In June 2010, the Veteran wrote that "...I feel there has been an oversight in the fact that the bone structure was removed at the same time of the major service connected cancer surgery was performed in 1997 not 2002. I feel this has been overlooked."
 
The Veteran passed away in July 2012 and his daughter became the appellant by way of substitution.
 
The Court found in September 2013 that in the Board's October 2009 decision had reached a medical conclusion concerning the etiology of the Veteran's bone cancer without independent medical authority. The Court found that this aspect of the claim required further development. 

In March 2014, the Board remanded the claim of entitlement to an effective date earlier than April 22, 2002 for the award of service connection for squamous cell skin cancers due to radiation exposure with secondary bone cancer, to include on an accrued basis, for a medical opinion by a board-certified oncologist.
 
In April 2014, the claims file and medical records were reviewed by a VA specialist in medical oncology and chemotherapy. In response to the questions presented, the examiner stated that review of the available records and pathology reports from 1997 showed that the Veteran had had surgery for a well differentiated squamous cell carcinoma of the right ear canal (i.e. a skin cancer involving the skin lining of the ear canal). It was reported that he had had a wide excision of the right ear, the facial nerve, and part of the temporal bone and surrounding structures as part of the radical surgery for the skin cancer involving the ear canal, but that pathology showed no involvement of the bone. He stated that all the removed tissue was negative for tumor spread except for the primary well differentiated squamous carcinoma seen arising from the ear canal. The examiner stated that the Veteran had reconstructive surgery after resection with bone chips to fill in the area of the temporal bone that was removed. Significantly, however, the examiner found that there was no record of 'bone cancer.' Instead, the examiner noted that the records showed that the Veteran had squamous cell skin cancer of the ear canal in 1997 and had part of the bone nearby (the temporal bone) removed as well during the wide excision surgical process. The examiner reiterated that there was no record of primary or secondary bone cancer seen in the available records, and that no cancer involving the bone or cartilage was found in skin cancer surgery pathology reports.
 
Legal Analysis
 
Entitlement to an effective date earlier than April 22, 2002 for the award of service connection for squamous cell skin cancers due to radiation exposure, to include on an accrued basis.
 
As reported above, the Board denied entitlement to service connection for a squamous cell skin cancer in February 2001. This decision was final and binding on the appellant based on the evidence then of record. 38 U.S.C.A. § 7104; 20.1104 (2014).
 
In correspondence received on April 22, 2002, the appellant claimed entitlement to service connection of bone cancer but also referred to skin cancer for which he had undergone surgery in the past. The Board surmises that given the absence of evidence in the record at that time diagnosing bone cancer in accordance with applicable law, the RO construed the informal application received on April 22, 2002 as an attempt to reopen the claim of entitlement to service connection for skin cancer. Careful review of all of the evidentiary record does not reflect any claim, formal or informal, requesting or evidencing a belief in entitlement to this benefit between the Board's final denial of the claim in February 2001 and the April 22, 2002 claim to reopen. As such, an effective date of April 22, 2009 was established. This is the date of receipt of the reopened claim after final disallowance in February 2001. See 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400.

The Board has carefully considered the Veteran and the appellant's statements in support of the claim. However, the evidence provides no legal basis for an earlier effective date. Under the facts of this case, the effective date of service connection for skin cancer and residuals thereof can be no earlier than the date of receipt of the reopened claim on April 22, 2002, as explained above. See 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400(b)(2)(i). The Board is bound by governing legal authority. An effective date earlier than April 22, 2002 for the grant of service connection skin cancer, to include on an accrued basis, must therefore be denied.

In reaching this decision the Board has considered the doctrine of reasonable doubt. However, the preponderance of the evidence is against the appellant claim and this doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).
 
Entitlement to an effective date earlier than April 22, 2002 for the award of service connection for bone cancer, to include on an accrued basis.
 
The evidence clearly reflects that in the claim received on February 17, 1998, the Veteran asserted his entitlement to service connection for cancer of the jaw bone. In adjudicating the claims however, only the issue of entitlement to service connection for skin cancer was considered. The Veteran again requested service connection for bone cancer in April 2002 which was construed as a claim for skin cancer for reasons articulated above. The record reflects that in February 2003, the RO, for unknown reasons, recharacterized the issue under consideration as entitlement to service connection for squamous cell skin cancers due to radiation exposure with secondary bone cancer. The Board granted that claim in October 2007. The appellant asserts that the effective date for service connection for bone cancer should date back to February 1998. The Board concurs. 
 
Careful review of the evidence reflects that the issue of entitlement to service connection for bone cancer was not addressed at the time of the original claim and was not considered until 2002. As such, the 1998 claim was not affected by the RO decision in 1999 or by the Board determination in 2001. Simply put, the claim had been pending since February 17, 1998. 

The evidence in this case, however, places the Board in somewhat of a conundrum. This is because the evidence overwhelmingly documents that the Veteran never had bone cancer. His own physicians clearly indicated in their 1996 reports that he had recurrent skin carcinoma and/or parotid gland cancer for which he underwent a number of operations over the years that included resecting (cutting out) his right ear, and parts of the temporal bone, neck, mandible, chest and skull to arrest the spread of skin cancer. At no time did any of his providers state that he had bone cancer. 

The record reflects that upon commencing treatment with VA in approximately 1997, the history, findings and conclusions were essentially the same as those reported by his private providers. In September 2003, the Veteran's VA physician treating physician stated that he had skin cancer and this was reiterated on a number of VA examinations over the years. The Board observes that a VA examiner in February 2005 appears to have rendered a careless history to the effect that the Veteran had a previous malignancy of the right temporal bone but this is clearly erroneous as demonstrated by evidence reported above. The temporal bone was resected on account of squamous cell skin cancer in that region, but there was no evidence that there was actual bone cancer. Upon thorough review of the record by a VA specialist in medical oncology and chemotherapy in April 2014 it was confirmed that the Veteran had never had bone cancer. 
 
Nonetheless, the Board in October 2007 granted entitlement to service connection for bone cancer. The undersigned is bound by that decision. 38 U.S.C.A. § 7104. Since the claim has been pending since February 17, 1998, the nominal effective date of the award is appropriately February 17, 1998. 

In rendering this decision, however, the Board offers no opinion regarding any rating the Veteran might have been entitled to since that time because the evidence clearly reflects that he never had bone cancer. This decision merely finds that service connection was warranted from February 17, 1998. 

The benefit of the doubt is resolved in favor of the appellant by finding that the nominal effective date of the award of service connection for bone cancer is February 17, 1998.
 
 
ORDER
 
Entitlement to an effective date earlier than April 22, 2002 for the grant of service connection for squamous cell skin cancers and residuals thereof, to include on an accrued basis, is denied.
 
Entitlement to an effective date of February 17, 1998 for the grant of service connection for bone cancer, to include on an accrued basis, is granted subject to controlling regulations governing the payment of monetary awards.



____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs