http://www.va.gov/vetapp16/Files3/1621769.txt

Citation Nr: 1621769 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-43 419 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUE

Whether referral for consideration of entitlement to a higher initial rating(s) for service-connected hearing loss on an extraschedular basis is warranted.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

K. Neilson, Counsel

INTRODUCTION

The Veteran had active military service from January 1958 to March 1960.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma, wherein, the RO, among other things, awarded service connection for hearing loss and assigned a noncompensable (zero percent) evaluation, effective from February 3, 2009. The Veteran disagreed with the assigned rating and appealed to the Board. 

In December 2011, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge, via videoconferencing. A transcript of that hearing is of record. 

The Board notes that the instant case was previously before it in July 2015 at which time the Board granted the Veteran's claim for a higher initial rating for his hearing loss, assigning a disability rating of 30 percent prior to January 4, 2011, a disability rating of 40 percent from January 4, 2011, to December 22, 2011, and a disability rating of 50 percent from December 22, 2011. Thereafter, the Veteran filed an appeal to the Court. In March 2016, the Veteran's then-representative and VA's General Counsel filed a Joint Motion for Partial Remand (Joint Motion) with the United Stated Court of Appeals for Veterans Claims (Court) to vacate the Board's decision insofar as it had implicitly declined to refer the increased rating claim for extraschedular consideration pursuant to 38 C.F.R. § 3.321(b)(1), which motion was granted by the Court that same month. The basis for the Joint Motion was the Board's failure to discuss whether referral for consideration of higher ratings was warranted on an extraschedular basis was warranted. The Joint Motion stated explicitly that the Veteran was not appealing those portions of the Board's July 2015 decision that had denied him entitlement to schedular disability ratings in excess of 30 percent for his service-connected hearing loss prior to January 4, 2011, in excess of 40 percent from January 4, 2011, to December 22, 2011, and/or in excess of 50 percent from December 22, 2011. Accordingly, the only issue now before the Board is whether referral for consideration of entitlement to a higher initial rating(s) for service-connected hearing loss on an extraschedular basis is warranted.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The level of severity and symptomatology of the Veteran's service-connected hearing loss, when compared with the established rating criteria for evaluating such disability, does not present such an exceptional disability picture that the available schedular evaluations for hearing loss are inadequate. 

2. The Veteran does not argue and the evidence does not suggest that the aggregate effects of all service-connected disabilities requires referral for consideration of the assignment of an extraschedular rating based on the combined effect of the Veteran's service-connected disabilities, individually or in combination.

CONCLUSION OF LAW

Referral for consideration of entitlement to a higher initial rating(s) for hearing loss on an extraschedular basis is not warranted. 38 U.S.C.A. § 1155, (West 2014); 38 C.F.R. § 3.321 (2015); see Thun v. Peake, 22 Vet. App. 111, 115 (2008).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Notice and Assistance

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2015), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim. The Board notes that VA's General Counsel has held that VCAA notice is not required for downstream issues. VAOPGCPREC 8-2003. Additionally, the United States Court of Appeals for Veterans Claims (Court) has held that "the statutory scheme contemplates that once a decision awarding service connection, a disability rating, and an effective date has been made, § 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated." Dingess, 19 Vet. App. at 490. The rating issue addressed below stems from a disagreement with a downstream element, and as such, no additional notice is required with respect to the matter decided herein because the purpose that the notice is intended to serve has been fulfilled with respect to the claim. See Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007).

There is also no indication that any additional action is needed to comply with the duty to assist in connection with the issue on appeal. The Board finds that VA has adequately fulfilled its obligation to assist the Veteran in obtaining the evidence necessary to substantiate the claim decided herein and that the medical and lay evidence of record is adequate and sufficient to rely upon in this case.

II. Analysis

As discussed in the introduction, the current matter is before the Board pursuant to the parties Joint Motion, which was granted by the Court in March 2016. Specifically, the parties agreed that the Board had erred when it "did not discuss whether referral of [the Veteran's] service-connected hearing loss for extra-schedular consideration was warranted, frustrating judicial review, and requiring vacatur and remand."

VA's schedule of disability ratings is based on average impairment in earning capacity in civil occupations from specific injuries or combinations of injuries. 38 U.S.C.A. § 1155; 38 C.F.R. § 3.321(a) (2015). However, "[t]o accord justice" in the "exceptional case where the schedular evaluations are found to be inadequate," the VA Under Secretary of Benefits or the Compensation Service Director is authorized to approve an "extra-schedular evaluation for impairments that are due to service-connected disability or disabilities." 38 C.F.R. § 3.321(b)(1). "The governing norm in these exceptional cases is: A finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards." Id.

In Thun v. Peake, the Court outlined the framework for determining entitlement to an extraschedular evaluation. 22 Vet. App. 111, 115 (2008), aff'd sub nom. Thun v. Shinseki, 572 F.3d 1366 (Fed.Cir.2009). First, the Board must determine whether the evidence "presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate." Id. This requires that the Board compare "the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability." Id. If the first requirement is satisfied, the Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as "'marked interference with employment' or 'frequent periods of hospitalization.'" Id. at 116 (quoting 38 C.F.R. § 3.321(b)(1)). If the first two inquiries are answered in the affirmative, the Board must refer the matter to the Under Secretary for Benefits or the Director of the Compensation and Pension Service for completion of the third step-a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extraschedular rating. Id.; see generally Anderson v. Shinseki, 22 Vet. App. 423, 427 (2009) (outlining the "elements that must be established before an extraschedular rating can be awarded"). In making the extraschedular referral determination, the Board must also consider the collective impact of multiple service-connected disabilities whenever that issue is expressly raised by the claimant or reasonably raised by evidence of record. See Yancy v. McDonald, 27 Vet.App. 484, 495 (2016) (citing Johnson v. McDonald, 762 F.3d 1362, 1365 (Fed.Cir.2014) and Robinson v. Peake, 21 Vet. App. 545, 552 (2008), aff'd sub nom. Robinson v. Shinseki, 557 F.3d 1355 (Fed.Cir.2009)).

In their Joint Motion, the parties pointed out that during his December 2011 Board hearing, the Veteran had testified that he worked as a truck driver and had difficulty hearing his Citizens Band (CB) radio, as well as had difficulty participating in conversations both in person and over the phone. The Board notes that the Veteran also testified that he could barely understand others and that his wife would often have to relay to him what people were saying. He reported being unable to hear his home alarm system when set off or sirens unless they were very close. The parties also noted that the Veteran's wife had submitted a statement in June 2010 wherein she reported having to speak for the Veteran in public and having to conduct business over the phone for him, as well as alleging that the Veteran's diminished hearing caused problems "for him and his family." The Veteran similarly testified as to the required assistance from his wife during his December 2011 hearing. The Veteran's current representative has also argued that the impact of the Veteran's diminished hearing acuity on his daily life rendered his disability more severe than represented by his previously assigned noncompensable and 10 percent disability evaluations. 

The Board has considered the Veteran's reported difficulties but does not find that the level of severity and symptomatology of the Veteran's hearing disability, when compared with the established rating criteria for evaluating such disability presents such an exceptional disability picture that the available schedular evaluations for hearing loss are inadequate. Although the rating schedule does not list specifically all of the Veteran's alleged symptomatology, to include difficulty understanding others and an inability to hear certain tones, the rating schedule does compensate for diminished hearing acuity and decreased speech recognition. It seems apparent that the Veteran must do such things as turn up the volume on his television and CB radio due to his diminished hearing acuity and that it is his decreased hearing acuity that causes his difficulties with hearing others and participating in conversations. Thus, while the rating schedule does not specifically list all possible effects of hearing loss, it does compensate for diminished hearing, which would seem to encompass the Veteran's alleged difficulties that are byproducts of his diminished hearing acuity. Further, such things as difficulty understanding speech is contemplated by the rating criteria as evidenced by the required administration of a speech discrimination test, which is designed to assess one's ability to understand words. See 38 C.F.R. § 4.85 (2015).

Regarding the severity of the Veteran's hearing loss disability and resulting symptoms, to include their impact on his daily functioning, the Board finds no evidence to suggest that the Veteran is not being adequately compensated for his disability by the assigned 30, 40, and 50 percent disability ratings. Notably, although the Veteran has indicated that his wife must conduct business on his behalf and that he has difficulty hearing others and understanding what they are saying in person and over the phone or his CB radio, the evidence does not suggest that the Veteran's hearing loss impairs his earnings capacity above and beyond that which is contemplated by his assigned ratings. Indeed, the Veteran has not alleged, and the evidence does not otherwise suggest, that the Veteran has been fired from employment, demoted, or passed over for a promotion due to his hearing loss. Nor has the Veteran asserted that he has suffered financially because of his hearing loss. Without some evidence to suggest that the Veteran's disability picture is more severe than is contemplated by the assigned 30, 40, and 50 percent disability ratings, the Board simply cannot conclude that severity of the Veteran's hearing loss and the difficulties he experiences due to that disability take his case outside of the norm of his specific disability such that referral for consideration of higher ratings on an extraschedular basis would be warranted.

The Board further concludes that even if it were determined that the first step of the Thun test was met, referral for extraschedular consideration would still not be warranted because the Veteran's disability picture does not exhibit other related factors such as "'marked interference with employment' or 'frequent periods of hospitalization.'" Thun, 22 Vet. App. at 116 (quoting 38 C.F.R. § 3.321(b)(1)). Indeed, there is no evidence that the Veteran's hearing disability caused or causes marked interference with employment or that he was ever, much less frequently, hospitalized due to his hearing loss. There is also no evidence of any other related factors associated with the Veteran's hearing loss that have negatively impacted the Veteran from a financial/earnings capacity standpoint. Accordingly, because the first two Thun inquiries have not been answered in the affirmative, referral for a determination of whether the Veteran's disability picture requires the assignment of an extraschedular rating is not warranted. Thun, 22 Vet. App. at 115-16; 38 C.F.R. § 3.321(b)(1). Further, the Veteran has not argued, nor does the evidence so suggest, that the aggregate effects of all service-connected disabilities, requires referral to the Director, Compensation Service, for consideration of the assignment of an extraschedular rating based on the combined effect of the Veteran's service-connected disabilities, individually or in combination. See Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014); Yancy v McDonald, 27 Vet. App, 484, 495 (2016).

ORDER

Referral for consideration of entitlement to a higher initial rating(s) for service-connected hearing loss on an extraschedular basis is not warranted.

____________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs