Citation Nr: 1761218 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-18 840 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an initial rating in excess of 10 percent from December 11, 2005 to April 18, 2017 and in excess of 20 percent beginning April 19, 2017 for chronic lumbosacral strain.

REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

E. Duthely, Associate Counsel



INTRODUCTION

The Veteran served on active duty with the United States Army from July 1998 to December 1998 and from October 2004 to December 2005. She also had additional Reservist service. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. It was last before the Board in March 2017, when the Board denied the Veteran's claim. The Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court). Pursuant to an October 2017 Joint Motion for Remand (JMR), the Court vacated the March 2017 decision and remanded the case to the Board for adjudication consistent with the Court's order. 


FINDINGS OF FACT

1. From December 11, 2005 to April 18, 2017, the Veteran's chronic lumbosacral strain did not result in forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees, a combined range of motion of the thoracolumbar spine greater than 120 degrees; or muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

2. From April 19, 2017, the Veteran's chronic lumbosacral strain did not result in forward flexion of the thoracolumbar spine to 30 degrees or less; nor was there favorable ankylosis of the entire thoracolumbar spine.

3. The Veteran did not have Intervertebral Disc Syndrome (IVDS) of the thoracolumbar spine at any point during the appeal.



CONCLUSIONS OF LAW

1. The criteria for an initial disability rating in excess of 10 percent from December 11, 2005 to April 18, 2017 for chronic lumbosacral strain have not been met. 38 U.S.C. §§ 1155, 5103(a), 5103A, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.159, 4.3, 4.7, 4.71a, Diagnostic Code 5237 (2017).

2. The criteria for a disability rating in excess of 20 percent from April 19, 2017 for chronic lumbosacral strain have not been met. 38 U.S.C. §§ 1155, 5103(a), 5103A, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.159, 4.3, 4.7, 4.71a, Diagnostic Code 5237 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

VA has satisfied its duties under the Veteran's Claims Assistance Act of 2000 to notify and assist. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017). 

As the appeal arises from the Veteran's disagreement with the initial disability rating assigned following the grant of service connection for chronic lumbosacral strain, no additional notice is required. Once service connection is granted, the claim is substantiated, additional notice is not required, and any defect in notice is not prejudicial. 38 C.F.R. § 3.159 (b)(3)(i); Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007); see also VAOPGCPREC 8-2003 (separate notification is not required for "downstream" issues following a service connection grant, such as initial rating and effective date claims).

VA's duty to assist includes helping claimants to obtain service treatment records and other pertinent records. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c). The claims file contains the Veteran's service treatment and personnel records, and VA medical records. The Veteran has not identified any outstanding records needing to be obtained. The duty to obtain relevant records is satisfied. See 38 C.F.R. § 3.159(c).

VA's duty to assist also includes providing a medical examination and/or obtaining a medical opinion when necessary to make a decision on the claim. See 38 U.S.C. 
§ 5103A; 38 C.F.R. §§ 3.159(c)(4), 3.326(a); see also McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). The VA examination and/or opinion must be adequate to decide the claim. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Veteran was afforded in-person examinations in April 2007, February 2015, and May 2017. The VA examiners provided clear explanations in support of the opinions and findings. See Monzingo v. Shinseki, 26 Vet. App. 97, 107 (2012) (holding that "examination reports are adequate when, as a whole, they sufficiently inform the Board of a medical expert's judgment on a medical question and the essential rationale for that opinion"). The VA examinations and medical opinions are adequate to decide the Veteran's claim.

VA has satisfied its duties to notify and assist and the Board may proceed with appellate review.

Increased Rating for Service-Connected Chronic Lumbosacral Strain

Disability ratings are determined by evaluating the extent to which a veteran's service-connected disability adversely affects her ability to function under the ordinary conditions of daily life, including employment, by comparing the symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10. 

When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the veteran. 38 C.F.R. § 4.3.

The Veteran's service-connected chronic lumbosacral strain has been rated under Diagnostic Code 5237 (lumbosacral or cervical strain). Diagnostic Codes 5235 through 5243 pertain to various disease and injuries of the spine. Under the General Rating Formula for Diseases and Injuries of the Spine, a 10 percent evaluation is warranted when the forward flexion of the thoracolumbar spine is greater than 60 degrees but not greater than 85 degrees; or, the combined range of motion of the thoracolumbar spine is greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. A 20 percent evaluation is warranted when the forward flexion of the thoracolumbar spine is greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine is not greater than 120 degrees; or, there is muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. The criteria for a 30 percent evaluation pertain only to the cervical spine and are therefore not applicable in this case. A 40 percent evaluation is warranted when forward flexion of the thoracolumbar spine is 30 degrees or less; or, there is favorable ankylosis of the entire thoracolumbar spine. A 50 percent disability rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent disability rating is assigned for unfavorable ankylosis of entire spine. 38 C.F.R. § 4.71a.

Any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, separately, are to be evaluated under an appropriate diagnostic code. 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine, Note (1).

For VA compensation purposes, normal forward flexion of the thoracolumbar spine is zero to 90 degrees, extension is zero to 30 degrees, left and right lateral flexion are zero to 30 degrees, and left and right lateral rotation are zero to 30 degrees. The normal combined range of motion of the thoracolumbar spine is 240 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal ranges of motion for each component of spinal motion provided in this note are the maximum that can be used for calculation of the combined range of motion. Id. at Note (2).

In addition to the Spine Formula, VA's regulations contain a Formula for Rating IVDS Based on Incapacitating Episodes. 38 C.F.R. § 4.71a, Diagnostic Code 5243 (2016). Ratings under this diagnostic code are assigned according to the duration of "incapacitating episodes" throughout the year due to IVDS. An "incapacitating episode" is defined as a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician. Id. Pertinent to the current appeal, a 10 percent evaluation is warranted for incapacitating episodes having a total duration of at least one week but less than 2 weeks during the past 12 months. Id. A 20 percent evaluation is warranted for incapacitating episodes having a total duration of at least 2 weeks but less than 4 weeks during the past 12 months. Id. A 40 percent evaluation is warranted for incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months. Id. Finally, a 60 percent evaluation is warranted for incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. Id.

When an evaluation of a disability is based on limitation of motion, the Board must also consider, in conjunction with the otherwise applicable diagnostic code, any additional functional loss the Veteran may have sustained by virtue of other factors as described in 38 C.F.R. §§ 4.40 and 4.45. DeLuca v. Brown, 8 Vet. App. 202, 206 (1995). Such factors include more or less movement than normal, weakened movement, excess fatigability, incoordination, pain on movement, swelling, and deformity or atrophy of disuse. The provisions of 38 C.F.R. § 4.40 state that disability of the musculoskeletal system is primarily the inability, due to damage or inflammation in parts of the system, to perform normal working movements of the body with normal excursion, strength, speed, coordination and endurance. A finding of functional loss due to pain must be supported by adequate pathology and evidenced by the visible behavior of the claimant. 38 C.F.R. § 4.40; Johnston v. Brown, 10 Vet. App. 80, 85 (1997). 

Although pain may cause a functional loss, pain itself does not constitute functional loss. Rather, pain must affect some aspect of the normal working movements of the body such as excursion, strength, speed, coordination, and endurance, in order to constitute functional loss. Mitchell v. Shinseki, 25 Vet. App. 32, 38-43 (2011).

Upon VA examination in April 2007, the Veteran reported that some pain in the lower back mainly with lifting when she carried her five-month old child. She also noticed some pain when she carried her child up stairs, and when bending and prolonged standing. She described pain in her lower thoracic and upper lumbar area as a level 8. 

On clinical examination, the thoracolumbar spine had mild tenderness over the lower thoracic and upper lumbar spine. The Veteran's forward flexion was to 90 degrees, extension to 34 degrees, right lateral flexion to 40 degrees, left lateral flexion to 40 degrees, right lateral rotation to 34 degrees, and left lateral rotation to 34 degrees. The examiner noted mild pain with forward bending beyond 80 degrees, and intermittent strain being noted "mainly with lifting, bending and prolonged standing," but indicated that functional loss was nil. No radiculopathy symptoms or spasms were noted and the Veteran's gait was normal.

Upon VA examination in February 2015, the Veteran reported that she had constant aching pain in her low back that radiated. She stated that the back pain began when she sat for a long time and when she stood. However, she added that she remained in the National Guard and continued to do physical exercises such as sit-ups. 

On clinical examination, the examiner reported the Veteran's range of motion was normal. She had forward flexion was to 90 degrees, extension to 30 degrees, right lateral flexion to 30 degrees, left lateral flexion to 30 degrees, right lateral rotation to 30 degrees, and left lateral rotation to 30 degrees. The examiner noted pain, but no functional loss. The examiner also noted the Veteran did not have guarding or muscle spasms. There was no evidence of pain reported on weight bearing, no localized tenderness or pain on palpation, and the Veteran was able to perform repetitive use testing with at least three repetitions of movement without additional loss of function or range of motion. The examiner indicated the Veteran did not have IVDS of the thoracolumbar spine. 

The Veteran's VA treatment records do not indicate that the Veteran's chronic lumbosacral strain resulted in forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or combined range of motion not greater than 120 degrees prior to April 18, 2017. Furthermore, there is no evidence the Veteran experienced muscle spasms or guarding. The Board has also considered the application of the Formula for Rating IVDS Based on Incapacitating Episodes to the Veteran's symptoms, but determines that a rating under these criteria would not provide a higher benefit. Specifically, the evidence does not establish that the Veteran experienced incapacitating episodes of IVDS lasting a total of at least two, but less than four, weeks during any 12-month period on appeal. Thus, the application of the Formula for Rating IVDS Based on Incapacitating Episodes would not provide a higher benefit for the Veteran's disability picture. 

Prior to April 18, 2017, the Veteran's back disability manifested with pain, normal range of motion, and a combined range of motion greater than 120 degrees. Specifically, the ranges of motion garnered during the April 2007 and February 2015 VA examinations show that the Veteran's symptoms warrant a 10 percent disability rating under the General Rating Criteria. All of the evidence noted above shows that the Veteran did not experience muscle spasms, guarding, or an abnormal gait or spinal contour. VA examination reports, VA and private medical treatment records, and the Veteran's lay statements do not indicate that this disability showed any signs of forward flexion of 60 degrees or less for the thoracolumbar spine, or IVDS of the spine during this appeal period. Thus, the Veteran's symptoms do not warrant a rating in excess of 10 percent prior to April 18, 2017.

The Board has considered whether a higher rating should be assigned pursuant to 38 C.F.R. §§ 4.40, 4.45, 4.59, DeLuca, and Mitchell criteria but determines that a higher rating is not warranted for the Veteran's disability picture prior to April 18, 2017. The range of motion testing conducted during the medical evaluations considered the thresholds at which pain limited motion. The Veteran reported flare-ups of her symptoms but several medical examinations showed that she did not have additional functional impairment due to pain, pain on repeated use, fatigue, weakness, lack of endurance, or incoordination. There is no evidence of reduced forward flexion and overall range of motion. Thus, a higher rating under these provisions is not approximated in the Veteran's disability picture. For these reasons, the Board finds that the preponderance of the evidence is against a rating in excess of 10 percent prior to April 18, 2017.

The Board has also considered whether separate ratings are warranted for neurological symptoms associated with the Veteran's back. There is no evidence of, and the Veteran has not endorsed, any bladder and bowel dysfunction symptoms. Furthermore, in the April 2007 and February 2015 VA examination reports, the examiners concluded that the Veteran did not have radiculopathy following physical examinations. Thus, separate ratings are not appropriate for any neurological abnormalities at this time. 

The preponderance of the evidence is against a rating in excess of 20 percent from April 18, 2017. Upon VA examination in May 2017, the Veteran's forward flexion was to 45 degrees, extension to 15 degrees, right lateral flexion to 20 degrees, left lateral flexion to 20 degrees, right lateral rotation to 25 degrees, and left lateral rotation to 25 degrees. The examiner noted pain causing functional loss. The examiner also noted the Veteran did not have ankylosis of the spine. Further, the examiner indicated the Veteran did not have IVDS of the thoracolumbar spine.

From April 18, 2017, the Veteran's back disability manifested with pain, a limitation in forward flexion to 45 degrees, at worst. Specifically, the ranges of motion garnered during the May 2017 VA examination show that the Veteran's symptoms warrant a 20 percent disability rating under the General Rating Criteria. VA examination reports, VA and private medical treatment records, and the Veteran's lay statements do not indicate that this disability showed any signs of forward flexion of 30 degrees or less for the thoracolumbar spine, or favorable ankylosis of the entire thoracolumbar spine, or unfavorable ankylosis of the entire spine during this appeal period. Thus, the Veteran's symptoms do not warrant a rating in excess of 20 percent from April 18, 2017.

The Board has considered whether a higher rating should be assigned pursuant to 38 C.F.R. §§ 4.40, 4.45, 4.59, DeLuca, and Mitchell criteria but determines that a higher rating is not warranted for the Veteran's disability picture from April 18, 2017. The range of motion testing conducted during the medical evaluations considered the thresholds at which pain limited motion. The Veteran reported flare-ups of her symptoms and medical examination showed that she had additional functional impairment due to pain, pain on repeated use, fatigue, weakness, lack of endurance, or incoordination. Even though there is evidence of reduced forward flexion and overall range of motion, and even after considering the effects of pain and functional loss, forward flexion is not limited to 30 degrees or less for the thoracolumbar and there is no evidence of ankylosis of the spine. Thus, a higher rating under these provisions is not approximated in the Veteran's disability picture. For these reasons, the Board finds that the preponderance of the evidence is against a rating in excess of 20 percent from April 18, 2017.

The Board has also considered whether separate ratings are warranted for neurological symptoms associated with the Veteran's back from April 18, 2017. There is no evidence of, and the Veteran has not endorsed, any bladder and bowel dysfunction symptoms. Furthermore, in the May 2017 VA examination report, the examiner concluded that the Veteran did not have radiculopathy following physical examination. Thus, separate ratings are not appropriate for any neurological abnormalities at this time. 

Accordingly, entitlement to a higher disability rating for chronic lumbosacral strain is denied. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See 38 U.S.C. § 5107 (b); 38 C.F.R. 
§ 3.102.

ORDER

An initial disability rating in excess of 10 percent for chronic lumbosacral strain for the period from December 11, 2015 to April 18, 2017 for the period is denied.

A disability rating in excess of 20 percent for chronic lumbosacral strain for the period beginning April 19, 2017 and thereafter is denied. 



____________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs