Citation Nr: 1536780 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 11-31 161 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

What initial evaluation is warranted for bilateral hearing loss from June 3, 2010 through July 14, 2014?


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Veteran and spouse


ATTORNEY FOR THE BOARD

D. Havivi, Associate Counsel

INTRODUCTION

The Veteran had active service from July 1960 to July 1964. 

This matter comes before the Board of Veterans' Appeals (Board) from a February 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. The case was certified by the Portland, Oregon RO. 

In October 2014, the Board denied entitlement to an evaluation in excess of 10 percent for a bilateral hearing loss from June 3, 2010 to July 13, 2014. The Veteran appealed, and in June 2015, the Court granted a joint motion for remand. 


FINDINGS OF FACT

1. There is no medical evidence showing the nature and extent of any bilateral hearing loss between June 3, 2010 and January 23, 2011. 

2. From January 24, 2011 to December 8, 2011 the Veteran's bilateral hearing loss, using the worst available scores, was manifested by a level IV loss for the right ear, and a level VI loss for the left ear.

3. Between December 9, 2011 and July 15, 2014 the Veteran's bilateral hearing loss, using the worst available score, was manifested by a bilateral level IV loss. 


CONCLUSIONS OF LAW

1. Between June 3, 2010 and January 23, 2011, the criteria for an initial rating for bilateral hearing loss in excess of 10 percent were not met. 38 U.S.C.A. §§ 1155, 5100, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 3.326, 4.1-4.7, 4.10, 4.85, 4.86, Diagnostic Code 6100 (2015). 

2. From January 24, 2011 to December 8, 2011, the criteria for an initial 20 percent rating, but no higher, for bilateral hearing loss were met. 38 U.S.C.A. §§ 1155, 5100, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 3.326, 4.1-4.7, 4.10, 4.85, 4.86, Diagnostic Code 6100. 

3. From December 9, 2011 to July 15, 2014, the criteria for an initial rating for bilateral hearing loss in excess of 10 percent were not met. 38 U.S.C.A. §§ 1155, 5100, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 3.326, 4.1-4.7, 4.10, 4.85, 4.86, Diagnostic Code 6100. 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

As service connection, an initial rating, and an effective date have been assigned, the notice requirements of 38 U.S.C.A. § 5103(a) have been met. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). 

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim and, as warranted by law, affording the Veteran VA examinations in January and December 2011. There is no additional evidence that need be obtained for the term addressed in this decision. 

Merits of the Claim

The Veteran seeks an increased initial rating for his service-connected bilateral hearing loss. VA granted service connection for the disability in a February 2011 rating decision. At that time a 10 percent evaluation was assigned under 38 C.F.R. § 4.85, Diagnostic Code 6100. 

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Schedule). 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. 

Separate diagnostic codes identify various disabilities and the criteria for specific ratings. Pertinent regulations do not require that all cases show all findings specified by the Schedule, but that findings sufficient to identify the disease and the resulting disability and above all, coordination of the rating with impairment of function will be expected in all cases. 38 C.F.R. §§ 4.7 and 4.21. 

If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining will be resolved in favor of the Veteran. 38 C.F.R. § 4.3. 

Evidence to be considered in the appeal of an initial assignment of a disability rating is not limited to that reflecting the then-current severity of the disorder. Fenderson v. West, 12 Vet. App. 119 (1999). In cases where an initially assigned disability evaluation has been disagreed with, it is possible for a veteran to receive a staged rating. That is, it is possible to be awarded separate percentage evaluations for separate periods, based on the facts found during the appeal period. Id. at 126-28; see also Hart v. Mansfield, 21 Vet. App. 505 (2007) (in determining the present level of a disability for any increased evaluation claim, the Board must consider staged ratings). 

Per 38 C.F.R. § 4.85, an examination for hearing impairment for VA purposes must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and a puretone audiometry test. Examinations are conducted without the use of hearing aids. 

Table VI, "Numeric Designation of Hearing Impairment Based on Puretone Threshold Average and Speech Discrimination," is used to determine a Roman numeral designation (I through XI) for hearing impairment based on a combination of the percent of speech discrimination (horizontal rows) and the puretone threshold average (vertical columns). The Roman numeral designation is located at the point where the percentage of speech discrimination and puretone threshold average intersect. 38 C.F.R. § 4.85.

When the puretone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(a). 

When the puretone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(b). 

Table VIa, "Numeric Designation of Hearing Impairment Based Only on Puretone Threshold Average," is used to determine a Roman numeral designation (I through XI) for hearing impairment based only on the puretone threshold average. Table VIa will be used when the examiner certifies that use of the speech discrimination test is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of 38 C.F.R. § 4.86. 

"Puretone threshold average," as used in Tables VI and VIa, is the sum of the puretone thresholds at 1000, 2000, 3000 and 4000 Hertz, divided by four. This average is used in all cases (including those in 38 C.F.R. § 4.86) to determine the Roman numeral designation for hearing impairment from Table VI or VIa. 

Table VII, "Percentage Evaluations for Hearing Impairment," is used to determine the percentage evaluation by combining the Roman numeral designations for hearing impairment of each ear. The horizontal rows represent the ear having the better hearing and the vertical columns the ear having the poorer hearing. The percentage evaluation is located at the point where the row and column intersect. 

The Board notes that there is no evidence showing the nature and extent of any bilateral hearing loss between June 3, 2010 and January 23, 2011. Hence, while there is no evidence showing entitlement to a compensable rating during that period, the Board will not disturb that award made by the regional office. 

At a January 24, 2011 VA examination, the examiner measured puretone thresholds in decibels:


1000 Hertz
2000 Hertz
3000 Hertz
4000 Hertz
Right ear
45
75
70
85
Left ear
65
75
70
80

The puretone threshold average was 68.75 decibels in the right ear and 72.5 decibels in the left. The best speech recognition scores were 88 percent in the right ear and 92 in the left. Initially, the speech recognition score in the right ear was 76 percent. Using Table VI, the right ear hearing loss corresponds to level III (using a speech recognition score of 88 percent) or level IV (using a speech recognition score of 76 percent). Using 38 C.F.R. § 4.86(a) and Table VIa, the January 24, 2011 left ear hearing loss corresponds to level VI when evaluating only the appellant's puretone loss. Giving the Veteran the benefit of the doubt and using the worse available finding, the evidence shows a level IV right ear hearing loss and a level VI left ear hearing loss. This equates to a 20 percent rating effective from January 24, 2011. 

The application of 38 C.F.R. § 4.86(a) is not appropriate in the right ear, because not all the puretone thresholds between 1000 Hertz and 4000 Hertz are above 55 decibels. 38 C.F.R. § 4.86(b) is inapplicable for either ear because none of the 1000 Hertz readings is 30 decibels or lower. 

At a December 9, 2011 VA examination, the examiner measured puretone thresholds in decibels:



1000 Hertz
2000 Hertz
3000 Hertz
4000 Hertz
Right ear
50
70
70
75
Left ear
50
70
70
75

The puretone threshold average was 66.25 decibels in each ear. Speech recognition scores were 80 percent bilaterally. Using Table VI, each ear corresponds to a level IV hearing loss. Using these two ratings in Table VII, the Veteran's disability is rated at 10 percent. 

The December 2011 audiometric study shows that the application of 38 C.F.R. § 4.86(a) is not appropriate in either ear because not all the puretone thresholds between 1000 Hertz and 4000 Hertz are above 55 decibels in either ear. Further, 38 C.F.R. § 4.86(b) is inapplicable for either ear because none of the 1000 Hertz readings is 30 decibels or lower. 

The Veteran and his spouse have also submitted statements to VA in writing and testified at the Travel Board hearing. These statements noted that the Veteran had difficulty understanding speech with background noise, such as conversations in groups, some television, and movies. The Veteran also disputed the efficacy of the VA audiology tests. Notably, the evidence does not show that the Veteran has the education or training to form a complex medical opinion such as noting the inadequacy of the testing, and there is nothing in the record to support such an assertion, the statement is not competent. See Layno v. Brown, 6 Vet. App. 465 (1994), Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). 

On review of the foregoing evidence the Board finds that the criteria for a 20 percent rating were met from January 24, 2011 to December 8, 2011. For the period prior to January 24, 2011, and for the period on and after December 9, 2011, the evidence preponderates against the assignment of a rating in excess of 10 percent. It must be noted that disability evaluations for hearing loss are derived from a mechanical application of the Rating Schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App.345 (1992). 

Staged ratings are in effect as noted above. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The discussion above reflects that the symptoms of the Veteran's bilateral hearing loss are contemplated by the applicable rating criteria. The effects of his disability, including difficulty understanding speech, conversation, and television, have been fully considered and are contemplated in the rating schedule. Thus, consideration of whether his disability picture exhibits other related factors such as those provided by the regulations as "governing norms" is not required and referral for an extra-schedular rating is unnecessary. Thun v. Peake, 22 Vet. App. 111 (2008). 

ORDER

Entitlement to an initial evaluation of 20 percent, but no higher, for a bilateral hearing loss from January 24, 2011 to December 8, 2011 is granted subject to the laws and regulations governing the award of monetary benefits.

Entitlement to an initial evaluation in excess of 10 percent for a bilateral hearing loss from June 3, 2010 and January 23, 2011 and from December 9, 2011 through July 14, 2014 is denied.



____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs