Citation Nr: 1617307 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-15 611A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to an initial rating in excess of 10 percent for ulcerative colitis.


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Ashley Castillo, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1980 to December 2007. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In that decision, the RO granted service connection for ulcerative colitis and assigned a 10 percent rating, effective January 1, 2008, the day following separation from service. The Veteran timely appealed the initial rating assigned. Jurisdiction was subsequently transferred to the Pittsburgh, Pennsylvania RO and that office forwarded the appeal to the Board.

In December 2015, the Board remanded the Veteran's appeal for further evidentiary development. As will be explained below, a review of the record reflects substantial compliance with the Board's Remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998). The Veteran's claims file has been returned to the Board for further appellate proceedings.


FINDING OF FACT

The evidence is at least evenly balanced as to whether the symptoms of the Veteran's ulcerative colitis have more nearly approximated moderately severe with frequent exacerbations, but the symptoms did not more nearly approximate severe with numerous attacks a year, malnutrition, and health only fair during remissions.


CONCLUSION OF LAW

With reasonable doubt resolved in favor of the Veteran, the criteria for an initial 30 percent rating, but no higher, for ulcerative colitis are met. 38 U.S.C.A. § 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.114, Diagnostic Code 7323 (2015). 






REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. 

The claim on appeal arises from the Veteran's disagreement with the rating assigned in connection with the grant of service connection for this disability. Where, as here, an underlying claim for service connection has been granted and there is disagreement as to "downstream" questions, the claim has been substantiated and there is no need to provide additional VCAA notice or prejudice from absent VCAA notice. Hartman v. Nicholson, 483 F.3d 1311, 1314-15(Fed. Cir. 2007). Therefore, the duty to notify has been met.

Regarding VA's duty to assist, VA has obtained the Veteran's VA and private treatment records in furtherance of his claim. The Board notes that in January 2016, a VA representative personally contacted the Veteran regarding any outstanding treatment records. The Veteran reported that following his military service, he lived in Japan for several years and, at which time, he received medical treatment. The Veteran indicated that he no longer lives in Japan and that his treatment records from Japan are not paperless and that he is unable to obtain them. However, a review of the claims file shows that the Veteran has submitted private treatment records from Japan for his service-connected ulcerative colitis. The Veteran has not indicated that the private treatment records of record he submitted were in any way incomplete and has not identified or authorized the release of any additional private treatment records. For example, the Veteran has only asserted that he sought treatment in Japan, and has not provided a name of a facility or a treatment provider. VA was therefore not required to take any additional action in this regard. 38 C.F.R. § 3.159(c)(1)(i),(ii) (requiring claimant to cooperate fully with VA's efforts to obtain non-Federal records, including providing identifying information and providing authorization for release of records).

As indicated above, the appeal was remanded in December 2015 to, among other things, afford the Veteran a VA examination to determine the severity of his service-connected ulcerative colitis. A January 2016 VA examination report was secured prior to readjudication of the appeal by the Agency of Original Jurisdiction (AOJ) in February 2016. 

Notably, the December 2015 Board remand directives requested that the examiner provide an opinion as to the Veteran's impairment level of his ulcerative colitis without the ameliorative effect of medication, because such effects cannot be considered by the Board unless specifically contemplated by the rating criteria. Jones v. Shinseki, 26 Vet. App. 56, 63 (2012). In response to this directive, the January 2016 VA examiner concluded that he was unable to provide an opinion without resorting to mere speculation because the Veteran was currently on medication and the Veteran's last colonoscopy biopsy was four years previously. Nevertheless, the January 2016 VA examiner adequately described the Veteran's severity of his ulcerative colitis that was applicable to the diagnostic criteria, documented the Veteran's reported symptoms, and reviewed the claims file. Therefore, the Board finds that the January 2016 VA opinion provides adequate information to allow the Board to make an informative determination and that the January 2016 VA examination report substantially complied with the Board's December 2015 remand directives. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination "more than substantially complied with the Board's remand order"). To the extent that the medication the Veteran takes for his ulcerative colitis ameliorates his symptoms, and such effects are discernable, the Board will not consider such ameliorative effects in determining the appropriate rating.

Additionally, the Veteran was also afforded VA examinations in February 2008 and in February 2014. These examinations are also adequate because they were based on consideration of the Veteran's prior medical history and described the disability in sufficient detail to allow the Board to make a fully informed evaluation. See Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007). Accordingly, the duty to assist has been met.

The Board will therefore proceed to the merits of the appeal.

II. Initial Rating

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Where, as here, the appeal arises from an initial assigned rating, consideration must be given to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. Fenderson v. West, 12 Vet. App. 119 (1999). In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran's condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991).

Here, the Veteran has been awarded an initial 10 percent disability rating for ulcerative colitis, effective January 1, 2008, the day following his military service discharge. He contends that his service-connected ulcerative colitis warrants a higher rating than the currently assigned 10 percent rating.

Under Diagnostic Code 7323, a 10 percent disability rating when there is moderate ulcerative colitis with infrequent exacerbations. A 30 percent disability rating is warranted for moderately severe ulcerative colitis with frequent exacerbations. A 60 percent disability rating is warranted for severe ulcerative colitis with numerous attacks a year and malnutrition, with health being only fair during remissions. A maximum 100 percent disability rating is warranted for pronounced ulcerative colitis resulting in marked malnutrition, anemia, and general debility; or with a serious complication such as liver abscess. 38 C.F.R. § 4.114. 

Turning to the evidence of record, May 2007 service treatment records (STRs) document the Veteran's complaints of chronic rectal bleeding, abdominal pain, and bloating. He reported that he had a history of diarrhea. He denied weight loss. In May 2007, he underwent a colonoscopy and was diagnosed with ulcerative colitis vs. Crohn's disease. 

STRs dated in September 2007 note the Veteran's reported symptoms of diarrhea and stomach pains. Treating physicians indicated that the Veteran's symptoms improved due to increased prescribed medication. The Veteran reported that his stools were solid and that he had bowel movements two to three times a day. He indicated that he had watery bowel movements five to six times a day when his medication dosage was lower.

In his September 2007 separation examination report, the examining physician found that the Veteran's colitis was stable and that he was prescribed medication to treat his colitis.

In February 2008, the Veteran was afforded a VA examination. He reported that he experiences occasional constipation and constant intestinal pain lasting thirty minutes to one hour. He reported that he has sporadic diarrhea attacks more than twelve times per year but less than once per week. He stated that the diarrhea attacks last for two days. He denied nausea, vomiting, and hospitalization for his colitis. He is prescribed medication to treat his colitis. He stated that he had five exacerbations of colitis in the past year, with his last exacerbation in December 2007. He stated that he is unemployed; he retired from the military in December 2007. 

Upon physical examination, the February 2008 examiner found that there was no evidence of weight loss, malnutrition, anemia, or abdominal tenderness. The VA examiner found that the Veteran was overall in "good" health. The VA examiner diagnosed ulcerative colitis. The VA examiner opined that the Veteran's colitis has significant effects on his occupational impairment, due to pain; he has moderate impact on his daily activities. 

Private treatment records dated in October 2008, November 2008, and January 2009 reveal that the Veteran underwent a colonoscopy and was diagnosed with moderate to severe colitis and inflammatory bowel disease. Furthermore, an examining private treatment provider indicated that the Veteran recently experienced an exacerbation of his colitis and, thus, required steroids. During the January 2009 private treatment visit, the Veteran reported a normal appetite. He denied nausea, vomiting, and bloating. A physical evaluation revealed no abnormalities of his abdominal. See private treatment record dated January 2009. 

In the Veteran's June 2009 notice of disagreement, he stated that he experiences flare-ups of his service-connected colitis that require periodic treatment of steroids. He indicated that he has missed work due to his incapacitating attacks of colitis. 

In a March 2012 private colonic ulcer pathology report, the private pathologist diagnosed chronic inflammation, severe, colonic ulcer. 

During a February 2014 VA examination, the Veteran reported that he experiences bowel disturbances with abdominal pain and diarrhea. He descried that he has diarrhea with mucous and bloody stools that is controlled with prescribed medication. However, he explained that during flare-ups of his colitis, he requires steroids. He stated that in the last twelve months, he experienced seven exacerbations of his colitis. Upon physical examination, the examiner found that there was no evidence of weight loss or malnutrition. The VA examiner opined that the Veteran's colitis impacts his ability to work to the extent that he experiences diarrhea with mucosus and bloody stools and is unable to go to work. 

In the Veteran's May 2014 substantive appeal, he indicated that his service-connected colitis warrants, at least, a 30 percent rating under Diagnostic Code 7323, because he experiences moderately severe symptoms of colitis with frequent excerebrations. The Veteran stated that his flare-ups of his colitis are not continuous, but he will have symptoms for a few months and then again for several days. He stated that during his flare-ups of his colitis, he exhibits weight loss and his symptoms are intolerable and requires bed rest. 

The Veteran was afforded a VA examination in January 2016. He reported symptoms of diarrhea, abdominal distension, and nausea. He elaborated that in the past twelve months, he had four diarrhea attacks that lasted for a week. He described flare-ups with diarrhea, bloating, and abdominal pain. He stated that he has occasional bowel disturbances with abdominal distress. His exacerbations of his colitis consist of watery diarrhea with abdominal pain that last for one week. 

Upon physical examination, the January 2016 VA examiner found that there was no evidence of weight loss, anemia, malnutrition, or pertinet physical complications due to colitis. The Veteran underwent a complete blood count test that showed no significant abnormities. The VA examiner opined that the Veteran's colitis impacts his ability to work. The VA examiner explained that physical and sedentary employment during periods of flare-ups would impact his ability to work due to frequent diarrhea, nausea, and abdominal pain that would require the Veteran to stay at home. The examiner also stated that the Veteran's symptoms would not impact his ability to perform physical and sedentary employment when his colitis is not flared up. 

The Board finds that the evidence is at least evenly balanced as to whether the Veteran's ulcerative colitis more closely approximates the criteria for a 30 percent rating under Diagnostic Code 7323 throughout the appeal period. The Veteran's statements as to the frequency and severity of his symptoms are competent and the Board finds them credible. These statements reflect frequent exacerbations and symptoms that can be characterized as moderately severe. Throughout the appeal period, the Veteran has described that he exhibits symptoms such as diarrhea and abdominal pain more than twelve times a year but less than once a week. This is consistent with the findings of the February 2008, February 2014, and January 2016 VA examiners who summarized the Veteran's symptoms as including exacerbations of his colitis ranging from four to twelve times a year. 

The Board finds, however, that the symptoms of the ulcerative colitis do not more nearly approximate the criteria for the 60 percent rating under Diagnostic Code 7323 and the evidence is not evenly balanced on this question. Although the January 2009 and March 2012 private treatment providers characterized the Veteran's ulcerative colitis as "moderate to severe" and "severe," and this is relevant evidence for the Board to consider, a health care provider's characterization of the level of disability is not dispositive. 38 C.F.R. § 3.100(a) (2012) (delegating the Secretary's authority "to make findings and decisions ... as to the entitlement of claimants to benefits" to, inter alia, VA "adjudicative personnel"); 38 C.F.R. § 4.2 ("It is the responsibility of the rating specialist to interpret reports of examination ... so that the current rating may accurately reflect the elements of disability present."); VA Adjudication Procedures Manual, M21-1, Part III, Subpart. iv, Chapter 3, Section A.7.i (updated Oct. 28, 2015) ("Do not request a medical authority to make conclusions of law, which is a responsibility inherent to the rating activity"). The weight of the evidence reflects that there has not been malnutrition at any time during the pendency of the claim. While the Veteran has asserted that he experiences weight loss during periods of his flare-ups of colitis, and is competent to so indicate, during the February 2008, February 2014, and January 2016 VA examinations, the VA examiners physically examined the Veteran, interviewed him, documented his symptoms, and determined that there was no evidence of malnutrition, weight loss, or anemia due to the service connected ulcerative colitis. The Board finds these findings of the trained health care professionals who conducted the examinations to be of greater probative weight than the Veteran's more general lay assertions. Moreover, the weight of the evidence does not reflect that the Veteran's health was "only fair during remissions." For example, the January 2008 VA examiner specifically noted that the Veteran's overall health was "good." As the symptoms of the Veteran's ulcerative colitis have not more nearly approximated severe with numerous attacks per year with malnutrition, the health only fair during remissions, a 60 percent disability rating is not warranted.

For similar reasons, the Board finds that the symptoms of the ulcerative colitis do not approximate the criteria for the 100 percent rating under Diagnostic Code 7323. The above evidence reflects that at no time during the pendency of the claim has the Veteran's colitis been productive of pronounced symptoms resulting in marked malnutrition, anemia, and general debility, or with serious complications, such as liver abscess. 

The weight of the evidence is against the assignment of an initial rating in excess of 30 percent under Diagnostic Code 7323 at any point during the pendency of the claim.

III. Additional Considerations and Conclusion

As to consideration of referral for an extraschedular rating, such consideration requires a three-step inquiry. See Thun v. Peake, 22 Vet. App. 111 (2008), aff'd sub nom. Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). The first question is whether the schedular rating criteria adequately contemplate the Veteran's disability picture. Thun, 22 Vet. App. at 115. If the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. If the schedular evaluation does not contemplate the claimant's level of disability and symptomatology, and is found inadequate, then the second inquiry is whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as governing norms, i.e., marked interference with employment or frequent hospitalization. If the Veteran's disability picture meets the second inquiry, then the third step is to refer the case to the Under Secretary for Benefits or the Director of Compensation Service to determine whether an extraschedular rating is warranted.

The discussion above reflects that the symptoms of the Veteran's service-connected ulcerative colitis are contemplated by the applicable rating criteria. As shown above, the criteria for the disability is broad enough to encompass the symptoms described by the Veteran and reflected in the evidence. The ulcerative colitis criteria includes the nature and duration of an "exacerbation" that would encompass all of the symptoms experienced during such an exacerbation of colitis, and its effect on economic adaptability, which would encompass a broad range of effects of these symptoms, to include those described by the Veteran. Thus, consideration of whether the Veteran's disability picture exhibits other related factors such as those provided by the regulations as "governing norms" is not required and referral for consideration of an extraschedular rating for ulcerative colitis is not warranted. 38 C.F.R. § 3.321(b)(1).

In addition, in Johnson v. McDonald, 762 F.3d 1362, 1365-66 (Fed. Cir. 2014), the Federal Circuit held that "[t]he plain language of § 3.321(b)(1) provides for referral for extra-schedular consideration based on the collective impact of multiple disabilities." Here, however, the issue has not been argued by the Veteran or reasonably raised by the evidence of record. The Veteran has not asserted, and the evidence of record does not suggest, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. Yancy v. McDonald, 27 Vet. App. 484, 495 (Fed. Cir. 2016) ("the Board is required to address whether referral for extraschedular consideration is warranted for a veteran's disabilities on a collective basis only when that issue is argued by the claimant or reasonably raised by the record through evidence of the collective impact of the claimant's service-connected disabilities"). The Board will therefore not address the issue further.

Additionally, a request for a TDIU whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability as part of a claim for increased compensation. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). In other words, if the claimant or the evidence of record reasonably raises the question of whether a veteran is unemployable due to a disability for which an increased rating is sought, then part and parcel with the increased rating claim is the issue of whether a TDIU is warranted as a result of that disability. Id.

Here, the Veteran has reported that he has been retired from the military since December 2007, but suggested that he is currently employed because he has reported that he missed work due to his service-connected ulcerative colitis. However, he has not indicated, and the record does not reflect, that his ulcerative colitis rendered him unable to secure or follow substantially gainful employment or unemployability. Therefore, the issue of entitlement to a TDIU has therefore not been raised by the evidence of record.

For the foregoing reasons, reasonable doubt has been resolved in favor of the Veteran in finding that an initial 30 percent rating for ulcerative colitis is warranted. As the preponderance of the evidence is against an initial rating higher than 30 percent, the benefit of the doubt doctrine is not otherwise for application. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 4.3. 


ORDER

Entitlement to an increased rating of 30 percent, but no higher, for ulcerative colitis is granted, subject to the provisions governing the award of monetary benefit.



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs