Citation Nr: 1629290 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 13-15 056 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an initial disability rating in excess of 10 percent for migraine headaches.


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. Neilson, Counsel

INTRODUCTION

The Veteran served on active duty from August 1979 to November 1981.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, wherein the RO awarded service connection for headaches and assigned a noncompensable evaluation, effective from February 27, 2007. The Veteran requested reconsideration of the rating assigned and submitted additional evidence within the appeal period. In a June 2010 rating action, the RO continued the assigned noncompensable rating and the Veteran thereafter perfected an appeal to the Board. 

In an April 2014 rating action, the Veteran's disability rating for her headache disorder was increased to 10 percent, effective from February 27, 2007. Because less than the maximum available benefit for a schedular rating was awarded for that disability, the claim remains properly before the Board. See Fenderson v. West, 12 Vet. App. 119, 126 (1999); AB v. Brown, 6 Vet. App. 35 (1993).

On June 7, 2016, the Veteran testified at a Board hearing via videoconferencing before the undersigned Veterans Law Judge. A transcript of that hearing has been associated with the Veteran's VBMS file.


FINDING OF FACT

The evidence is evenly balanced as to whether, throughout the pendency of the claim, the Veteran's migraine headaches more nearly approximated very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability.




CONCLUSION OF LAW

The criteria for the maximum schedular initial disability rating of 50 percent for migraine headaches have been met throughout the pendency of the claim. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.159, 4.3, 4.7, 4.21, 4.124a, Diagnostic Code (DC) 8100 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Notice and Assistance

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2015), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim. It also requires VA to notify the claimant and the claimant's representative of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant.

The VCAA notice requirements apply to all five elements of a service connection claim. These are (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Board notes that VA's General Counsel has held that VCAA notice is not required for downstream issues. VAOPGCPREC 8-2003. Additionally, the United States Court of Appeals for Veterans Claims (Court) has held that "the statutory scheme contemplates that once a decision awarding service connection, a disability rating, and an effective date has been made, § 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated." Dingess, 19 Vet. App. at 490. In this case, the issue currently before the Board stems from a disagreement with downstream elements, and as such, no additional notice is required because the purpose that the notice is intended to serve has been fulfilled with respect to that claim. See Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007).

Regarding the duty to assist, the Board also finds that VA has fulfilled its obligation to assist the Veteran. All available evidence pertaining to the Veteran's claim has been obtained. The evidence includes her VA outpatient treatment records; VA examination reports; private medical records; and lay statements and evidence in support of her claim. The Veteran has not indicated that there are outstanding records that VA should have obtained, and the Board is aware of none. 

The Board also finds that the evidence of record is sufficient for the Board to rely upon in evaluating the severity of the Veteran's headaches. The Veteran has been afforded several VA examinations in connection with the issue currently before the Board, the reports of which detail the Veteran's headache symptoms. The examination reports, along with the VA treatment records and the Veteran's lay assertions, contain sufficient evidence by which to evaluate the Veteran's service-connected headaches in the context of the rating criteria and during the relevant time period. Accordingly, VA has satisfied its duty to assist the Veteran. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

II. Analysis

Disability ratings are determined by the application of a schedule of ratings, which is based on the average impairment of earning capacity. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.1 (2015). "Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned." 38 C.F.R. § 4.7 (2015).

A veteran's entire history is reviewed when making disability evaluations. See generally Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 4.1. In the instant case, the Veteran's claims for a higher evaluation for her service-connected migraine headaches is an original claim that was placed in appellate status by a notice of disagreement expressing disagreement with an initial rating award. As such, consideration of the evidence since the effective date of the award of service connection and consideration of the appropriateness of a staged rating are required. See Fenderson, supra. 

As noted in the introduction, the Veteran's service-connected migraine headache disorder is evaluated as 10 percent disabling from February 27, 2007, which evaluation has been assigned under 38 C.F.R. § 4.124a, Diagnostic Code (DC) 8100. 

Under DC 8100, a noncompensable rating is assigned for migraines with less frequent attacks; a 10 percent rating is assigned for migraines with characteristic prostrating attacks averaging one in 2 months over last several months; a 30 percent rating is assigned for migraines with characteristic prostrating attacks occurring on an average once a month over last several months; and, a 50 percent rating is assigned for migraines with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability. 38 C.F.R. § 4.124a, DC 8100 (2015).

Evidence relevant to the issue of the appropriate rating for the Veteran's service-connected migraine headaches includes the report of a June 2008 VA contract examination. At that time, the Veteran reported experiencing headaches on the average of two times a month, lasting for four hours. She reported using over-the-counter medications to treat her headaches.

In an August 2009 statement, the Veteran reported that she had suffered from headaches for many years and that she self-medicated with over-the-counter medication. The Veteran stated that it was hard to function when experiencing a headache and that she would need to go to bed in order to get some relief. She reported that during a headache episode, she experienced pain and sensitivity to touch, as well as sensitivity to light. She reported having at least one headache per month. The Veteran also submitted a statement from her mother, who attested to the fact that the Veteran had suffered from severe headaches for years. The Veteran's mother relayed that the Veteran would complain of pain and sensitivity to light and that she would go straight to bed after work in order to get some relief.

The Veteran was again examined in August 2009. At that time, she reported experiencing headaches at least once a month, lasting for three days. She stated that when a headache occurred, she was unable to do anything and would stay in bed. She also reported difficulty working and concentrating during a headache. Regarding the effect of the Veteran's headaches on her overall functioning, the examiner opined that the Veteran's headaches would have a mild to moderate effect on occupational and daily functioning.

Also in support of her claim, the Veteran has submitted copies of her migraine log, dated from January 2009 to January 2011. The log shows that the severity of the Veteran's headaches varied from 7 to 10 on a scale to 10 and that they were treated with over-the-counter medication and bed rest. The Veteran often described throbbing pain and light sensitivity, and stated that she would often need upwards of 10 hours of sleep. Headaches were occasionally accompanied by nausea, and the Veteran often indicated either being unable to function and concentrate at work requiring her to leave early, or calling in sick due to her headaches.

Another examination was conducted in October 2013. At that time, she reported experiencing headaches occurring every other month, lasting on average for two days. Headaches were accompanied by pain and sensitivity to light, and were described to be moderate in severity. 

The Veteran also submitted another migraine log, covering the period from June 2011 to May 2016. The log shows that the Veteran indicated the severity of her headaches to most often be an 8 or 9, accompanied by pain, nausea, and sensitivity to light and sound. Again, the Veteran reported that her headaches required rest and often necessitated her leaving work.

In June 2016, the Veteran testified at a Board hearing. At that time, she reported experiencing headaches at least once a month, stating that she only tracked her most severe headaches, but that she would have additional less-severe headaches monthly. She reported that her headaches were accompanied by throbbing pain, nausea, and sensitivity to light and noise. She also stated that she was unable to function at work during a headache attack and reported that she had missed approximately 20 days of work that year due to her headaches. The Veteran stated that she did not feel as though her job was in jeopardy because of her headaches because she had accumulated a significant amount of leave to use, but indicated that her use of leave had caused a negative evaluation and could lead to disciplinary action.

In determining the appropriate rating for the Veteran's migraine headaches, the Board notes that neither the rating criteria nor the United States Court of Appeals for Veterans Claims (Court) has defined "prostrating." "Prostration," however, is defined as "extreme exhaustion or powerlessness," Dorland's Illustrated Medical Dictionary 1554 (31st ed. 2007), or as "physically or emotionally exhausted," Webster II New College Dictionary 889 (3rd ed. 2001).
 
The Board finds that the Veteran's reported symptoms have been relatively consistent during the pendency of the claim. Since filing her claim, she has reported headaches accompanied by pain, light and sound sensitivity, and nausea. Further, the Veteran has maintained that she has experienced severe headaches at least once per month, with the addition of less severe headaches. Although during the 2013 VA examination the frequency of headaches was noted to be less than monthly, the Veteran's headache logs demonstrate more frequent headaches during that timeframe. Further, the 2013 VA examiner classified the Veteran's headaches are prostrating. These symptoms clearly meet the criteria for a 30 percent rating. The only issue is whether they more nearly approximate the criteria for a 50 percent rating.

In Pierce v. Principi, 18 Vet. App. 440 (2004), the Court held that, where the Board refused to award a 50 percent disability rating for a headache disorder without discussing the "interplay" among the regulations found at 38 C.F.R. § 4.3 (reasonable doubt resolved in favor of claimant), 38 C.F.R. § 4.7 (higher possible evaluation applies "if disability picture more nearly approximates the criteria for that rating[;] otherwise, the lower rating will be assigned"), and 38 C.F.R. § 4.21 (all the elements specified in a disability grade need not necessarily be found although "coordination of rating with impairment of function will, however, be expected in all instances"), the Board committed reasons or bases error. 18 Vet. App. at 445.

In Pierce, the Court examined the "productive of severe economic inadaptability" criterion for a 50% evaluation under DC 8100 and noted that "[n]owhere in the DC is 'inadaptability' defined, nor can a definition be found elsewhere in title 38 of the [C.F.R.]." 18 Vet. App. at 446. The Court explained that, contrary to the VA's argument, "nothing in DC 8100 requires that the claimant be completely unable to work in order to qualify for a 50% rating" because "[i]f 'economic inadaptability' were read to import unemployability," a claimant who "met the economic-inadaptability criterion, would then be eligible for a rating of total disability based on individual unemployability [(TDIU)] .... rather than just a 50% rating." Id. The Court therefore rejected the notion that "severe economic inadaptability" was equivalent to an inability to secure or follow a substantially gainful occupation, the unemployability standard for TDIU. Id. (citing 38 C.F.R. § 4.16(a)). In addition, the Court in Pierce acknowledged VA's concession that the phrase "productive of severe economic inadaptability" in DC 8100 should be construed as either "producing" or "capable of producing" severe economic inadaptability. Id. at 445.

Here, the evidence is evenly balanced as to whether the Veteran's headaches more nearly approximate the criteria for a 50 percent rating. The Veteran's headache logs show that she experiences approximately one severe headache per month, but she indicated that she only recorded the most severe headaches and experienced many more that were not in the logs. The evidence is thus evenly balanced as to whether the symptoms more nearly approximate very frequent completely prostrating and prolonged attacks. In addition, the Veteran indicated that she had missed a significant amount of work and that if she did not have the leave that was available to her, it could lead to disciplinary action. Significantly, VA conceded in Pierce that the phrase "productive of severe economic inadaptability" in DC 8100 should be construed to include "capable of producing" severe economic inadaptability. Thus, a Veteran does not have to show that she is unemployable or that she has in fact missed significant amounts of time from work in order to meet the criteria. The evidence is thus evenly balanced as to whether the Veteran's migraine headaches are capable of producing severe economic inadaptability.

The evidence is therefore evenly balanced as to whether the headaches more nearly approximate the criteria for a 50 percent rating. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to an initial rating of 50 percent for migraine headaches is warranted. 38 U.S.C.A. § 5107(b) 38 C.F.R. § 4.3.

The above determinations are based upon consideration of applicable rating provisions. The Board finds that the Veteran's reported symptoms are described by the rating criteria. A review of the VA treatment records and examination reports fails to reveal symptomatology not contemplated by the rating criteria. Nor does the Veteran assert that she experiences symptoms not contemplated by the rating criteria. Indeed, the symptoms reported are those that a VA clinician indicated would be associated with the type of migraine headache for which the Veteran is service connected. The criteria thus contemplate the symptoms and consideration of whether there is marked interference with employment or frequent hospitalization is unnecessary. Thun v. Peake, 22 Vet. App. 111, 115-16 (2008); 38 C.F.R. § 3.321(b)(1) (2015).

In Johnson v. McDonald, 762 F.3d 1362, 1365-66 (Fed. Cir. 2014), the Federal Circuit held that "[t]he plain language of § 3.321(b)(1) provides for referral for extra-schedular consideration based on the collective impact of multiple disabilities." Here, however, the issue has not been argued by the Veteran or reasonably raised by the evidence of record. The Veteran has not asserted, and the evidence of record does not suggest, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. Yancy v. McDonald, 27 Vet. App. 484, 495 (Fed. Cir. 2016) ("the Board is required to address whether referral for extraschedular consideration is warranted for a veteran's disabilities on a collective basis only when that issue is argued by the claimant or reasonably raised by the record through evidence of the collective impact of the claimant's service-connected disabilities"). The Board will therefore not address the issue further.

Finally, as the Veteran has indicated she is still employed, the issue of entitlement to a TDIU has not been raised by the evidence of record. See Rice v. Shinseki, 22 Vet. App. 447, 453 (2009).


ORDER

Entitlement to an initial disability rating of 50 percent for migraine headaches is granted, subject to the laws and regulations governing the payment of monetary benefits.



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs